NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NILSON EDUARDO GONZALEZ-VASQUEZ, | No. 18-70870 |
| Petitioner, | Agency No. A205-524-782 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023[**]

Before: FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Nilson Eduardo Gonzalez-Vasquez, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

In his opening brief, Gonzalez-Vasquez does not challenge, and therefore forfeits, the BIA's adverse credibility determination. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). Gonzalez-Vasquez also forfeits any challenge to the denial of CAT protection. Thus, we deny the petition for review as to his asylum, withholding of removal, and CAT claims.

We do not consider Gonzalez-Vasquez's claims based on particular social groups of returnees or witnesses to crimes because the BIA did not decide these issues, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA), and Gonzalez-Vasquez does not contend the BIA erred in finding that these claims were not properly before it, *see Lopez-Vasquez*, 706 F.3d at 1079-80.

We lack jurisdiction to consider Gonzalez-Vasquez's contention that the IJ violated his due process rights because he did not raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

**PETITON FOR REVIEW DENIED in part; DISMISSED in part.**